NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-55329 |
| Plaintiff-Appellee, | D.C. No. 2:03-cr-00462-LGB-1 |
| v. | |
| MOUHAMED DAFER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued & Submitted August 9, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,*** District
Judge.

Mouhamed Dafer appeals the district court's order denying his petition for a

writ of error coram nobis. Dafer seeks to vacate his 2004 conviction for making a

false statement in violation of 18 U.S.C. § 1001, alleging that he received

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*** The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

ineffective assistance of counsel because of his defense attorney's affirmative and incorrect advice regarding the immigration consequences of his plea. We have jurisdiction under 28 U.S.C. 1291, and review de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007).

The district court found that Dafer had met three of the four requirements for coram nobis relief laid out in *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987). It found that he failed to meet the fourth requirement—that the error be "of the most fundamental character"—because of his inability to show prejudice under *Strikland*'s second prong. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

The district court assumed, without deciding, that Dafer's counsel rendered ineffective assistance by making affirmative misrepresentations to Dafer regarding the immigration consequences of a guilty plea. As to the prejudice prong, the court focused on the strength of the evidence against Dafer, which made it unlikely that he would have taken his case to trial, and the minimal chance that his counsel could have negotiated a more favorable plea agreement. In reaching this conclusion, the district court did not have the benefit of the Supreme Court's decision in *Lee v. United States*, 137 S. Ct. 1958, 1966-67 (2017), which expressly rejected "a *per se* rule that a defendant with no viable defense cannot show prejudice from the denial of his right to trial."

Therefore, we remand for the district court to reconsider Dafer's petition for writ of coram nobis in light of *Lee*'s intervening authority, and, if necessary, to complete the necessary fact-finding and evaluate whether Dafer can show ineffective assistance of counsel under *Strickland*'s first prong. *See* 466 U.S. at 688.

**VACATED AND REMANDED.**